IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Obedia Carreno Santibanez, as Executor of the Estate of Everardo Galarza and on Behalf of the Statutory Beneficiaries,<br><br>Plaintiff,<br><br>vs.<br><br>Joshua Collins and Jake's of Columbia, Inc.,<br><br>Defendants. | Case No.: 3:23-2483-MGL<br><br>**COMPLAINT**<br>**(Survival & Wrongful Death)**<br>**(Jury Trial Demanded)** |

The Plaintiff, Obedia Carreno Santibanez, as Executor of the Estate of Everardo Galarza and on Behalf of the Statutory Beneficiaries (hereinafter styled "Ms. Santibanez"), brings this Complaint against Joshua Collins (hereinafter styled "Defendant Collins") and Jake's of Columbia, Inc. (hereinafter styled "Defendant Jake's") and (hereinafter, collectively, "Defendants") based upon the allegations set forth below:

### FACTS, PARTIES, JURISDICTION, & VENUE

1. Everardo Galarza ("Mr. Galarza") died while a resident of Wayne County, North Carolina on or about July 23, 2022.

2. The Wayne County, North Carolina Superior Court appointed Mr. Galarza's mother, Ms. Santibanez, to serve as Executor of the Estate.

3. Ms. Santibanez brings this action in her fiduciary capacity as Executor of the Estate by virtue of the authority and provisions of sections 15-5-90 et seq. and 15-51-10 et seq. of the South Carolina Code.

4. The parties, subject matter, and all matters and things hereinafter alleged are within this Court's jurisdiction.

1

5. At all times relevant to this action, Mr. Galarza and Ms. Santibanez were residents of Wayne County, North Carolina.

6. At all times relevant to this action, Defendant Collins was a resident of South Carolina.

7. Defendant Jake's is a domestic corporation organized and existing under the laws of the State of South Carolina, and conducts business as a bar named Jake's of Columbia located in Richland County, South Carolina.

8. At all times relevant to this action, persons acting on behalf of Defendant Jake's were acting individually and as agents, servants, and/or employees, and within the scope of their agency and/or employment with Defendant Jake's.

9. At all times relevant to this action, Defendant Jake's is liable for the acts and/or omissions of its agents, servants, and/or employees within the scope of their agency and/or employment with Defendant Jake's, under the doctrine of respondeat superior.

10. Defendants are jointly and severally liable for the acts and/or omissions that were committed and alleged in this Complaint, and the damages sought, pursuant to section 15-38-15(F) of the South Carolina Code.

11. The collision giving rise to this Complaint occurred on July 23, 2022, at approximately 4:00 a.m. on Garners Ferry Road in Richland County, South Carolina.

12. Venue is proper in this Court, as the most substantial act and/or omission giving rise to this matter occurred in Richland County, South Carolina.

13. Upon information and belief, prior to July 23, 2022, Defendant Jake's had applied for and received its permit authorizing the sale of beer, wine, liquor, or other alcoholic beverages.

14. Upon information and belief, on or about July 22 and 23, 2022, Defendant Jake's was serving and selling alcoholic beverages to invitees and patrons at its bar.

15. Upon information and belief, on the night of July 22, 2022 and into the morning hours of July 23, 2022, Defendant Collins consumed alcoholic beverages as a patron at Defendant Jake's.

16. The amount of alcohol Defendant Jake's served and sold Defendant Collins during the aforementioned times resulted in Defendant Collins becoming and remaining intoxicated.

17. Defendant Jake's continued to serve Defendant Collins alcohol when it knew or should have known he was intoxicated.

18. Defendant Collins then chose to get behind the wheel and drive a car while under the influence of alcohol.

19. While intoxicated, Defendant Collins drove the car on the wrong side of the road down Garners Ferry Road.

20. Defendant Collins drove the car eastward in the westbound lanes of Garners Ferry Road.

21. At the same time, Mr. Galarza was driving in the proper direction (westward) in the westbound lanes on Garners Ferry Road.

22. At approximately 4:00 a.m., while driving on the wrong side of the road and under the influence of the alcohol he was served at Defendant Jake's, Defendant Collins collided head-on with Mr. Galarza.

23. The crash demolished the front end and driver's side of Mr. Galarza's vehicle. *(See Plf Exhibit 1: Vehicle Photo).*

24. When Defendant Collins' blood was drawn, his blood alcohol level was .135, which is more than 1 ½ times the legal limit. *(See Plf Exhibit 2: Toxicology).*

25. Upon information and belief, Defendant Collins' blood alcohol level was even higher at the time of the collision.

26. Mr. Galarza was only 23 years old at the time of the collision.

27. As a result of the collision with Defendant Collins, Mr. Galarza suffered and died, leading to Survival and Wrongful Death damages recoverable by the Estate and the statutory beneficiaries, including but not limited to:

    Survival Damages (Owed to the Estate)

    a. Mr. Galarza's apprehension;
    b. Mr. Galarza's mental anguish;
    c. Mr. Galarza's pain and suffering;

    Wrongful Death Damages (Owed Directly to the Statutory Beneficiaries)

    d. Grief and sorrow;
    e. Loss of companionship;
    f. Loss of affection;
    g. and such other damages as may be found during discovery and trial.

28. There is diversity of citizenship amongst the parties, as Plaintiff is a citizen of North Carolina (as was Everardo Galarza) and Defendants are citizens of South Carolina.

29. The amount in controversy - based on the combined actual and punitive damages arising from the Survival and Wrongful Death causes of action - greatly exceeds $75,000.00.

30. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence/Survival Action Against Defendant Jake's)**

31. Ms. Santibanez incorporates all allegations of the preceding paragraphs into this cause of action.

32. Ms. Santibanez is informed and believes Defendant Jake's was negligent, willful, reckless, grossly negligent, and/or committed negligence per se in at least one of the following ways:

a. Providing and/or selling alcoholic beverages to a person to the point of intoxication;

b. Providing and/or selling alcoholic beverages to an intoxicated person;

c. Choosing to sell or give beer, wine, alcoholic liquor, or other alcoholic beverages to a person the Defendant knew or should have known was intoxicated, while on the Defendant's premises, in violation of sections 61-4-580 and 61-6-2220 of the South Carolina Code;

d. Choosing not to take reasonable precautions to prevent a person who became intoxicated from the alcohol it sold to him from operating a motor vehicle upon leaving the bar and, therefore, endangering innocent members of the community;

e. Choosing to hire inadequately unqualified personnel;

f. Choosing not to adequately train personnel;

g. Choosing not to adequately supervise personnel;

h. Choosing to retain unqualified, unsafe personnel;

i. Choosing not to develop adequate policies and procedures;

j. Choosing to breach the standard of care in the service and/or sale of alcoholic beverages to invitees and patrons by a business via its agents, servants, and/or employees;

k. Choosing to breach its duty to third parties and the public at large, including motorists on Richland County roadways, by increasing the risk of adverse consequences to them via the sale and/or service of alcohol to a person Defendant Jake's knew or should have known was intoxicated; and

      l. Choosing not to use the care and caution a reasonably prudent business would under the circumstances.

33. The above-referenced statutes have the essential purpose of protecting a class of persons from the kind of harm Mr. Galarza suffered.

34. Mr. Galarza is a member of the class of persons the above-referenced statutes are intended to protect.

35. As a foreseeable, direct, and proximate cause of Defendant Jake's aforesaid acts and/or omissions, including its statutory violations, which constitute negligence *per se*, Mr. Galarza sustained serious damages prior to his death, as outlined above.

36. Plaintiff is entitled to a judgment against Defendant Jake's for the above-mentioned actual damages to Mr. Galarza, occurring prior to his death, under sections 15-5-90 et seq. of the South Carolina Code, and for punitive damages in an amount to be determined by the jury.

**FOR A SECOND CAUSE OF ACTION**
**(Negligence/Survival Action Against Defendant Collins)**

37. Ms. Santibanez incorporates all allegations of the preceding paragraphs into this cause of action.

38. Ms. Santibanez is informed and believes Defendant Collins was negligent, willful, reckless, grossly negligent, and/or committed negligence per se in at least one of the following ways:

    a. Choosing to drive a vehicle while under the influence of alcohol to the extent he was materially and appreciably impaired, in violation of section 56-5-2930 of the South Carolina Code;

    b. Driving in the wrong direction on the roadway; and

    c. Choosing not to use the degree of care and caution that a reasonably prudent person would under the circumstances.

6

39. The above-referenced statutes have the essential purpose of protecting a class of persons from the kind of harm Mr. Galarza suffered.

40. Mr. Galarza is a member of the class of persons these statutes are intended to protect.

41. As a foreseeable, direct, and proximate cause of Defendant Collins' aforesaid acts and/or omissions, including his statutory violations, which constitute negligence *per se*, Mr. Galarza sustained serious damages prior to death.

42. Plaintiff is entitled to a judgment against Defendant Collins for the above-mentioned actual damages to Mr. Galarza, occurring prior to his death, under sections 15-5-90 et seq. of the South Carolina Code, and for punitive damages in an amount to be determined by the jury.

### FOR A THIRD CAUSE OF ACTION
### (Wrongful Death as to all Defendants)

43. Ms. Santibanez incorporates all allegations of the preceding paragraphs into this cause of action.

44. Defendants' aforesaid acts and/or omissions are the direct and proximate cause of Mr. Galarza's untimely, needless death.

45. By reason and in consequence of Defendants' aforesaid acts and/or omissions, the statutory beneficiaries sustained damages, as outlined above.

46. Plaintiff is entitled to judgment against Defendants for actual damages sustained by the statutory beneficiaries in relation to Mr. Galarza's wrongful death, and for punitive damages in an amount to be determined by a jury.

WHEREFORE Plaintiff prays for judgment against Defendants for actual and punitive damages in an amount to be determined by the jury, for the costs of this action, and for such further relief this Court deems just and proper.

[SIGNATURE PAGE FOLLOWS.]

**LAW OFFICE OF KENNETH E. BERGER, LLC**

s/ *Kenneth Berger*
Kenneth E. Berger | kberger@bergerlawsc.com
Federal ID # 11083
Janek Kazmierski | janek@bergerlawsc.com
Federal ID # 12876
Law Office of Kenneth E. Berger, LLC
5205 Forest Drive
Columbia, SC 29206
Phone: (803) 790-2800

AND

Ramie Shalabi | rs@dsblawfirm.com
Federal ID # 13038
Dayson | Shalabi | Burkett Law Firm
PO Box 2226
Columbia, SC 29202
Phone: (803) 973-0304

*Attorneys for the Plaintiff*

June 5, 2023
Columbia, South Carolina